**Margarita Cardenas DE CASTANEDA; Francisco Castaneda Cardenas; Huber Castaneda Cardenas; Reyna Castaneda Cardenas, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–73072.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2011.

Filed July 13, 2011.

Margarita Cardenas De Castaneda, Costa Mesa, CA, pro se.

Isaiah Zachary Weedn, Esquire, Sheppard Mullin Richter & Hampton LLP, Costa Mesa, CA, Robert Scott Gerber, Es-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

quire, Sheppard Mullin Richter & Hampton LLP, San Diego, CA, for Petitioners.

Francisco Castaneda Cardenas, Ontario, CA, pro se.

Huber Castaneda Cardenas, Ontario, CA, pro se.

Reyna Castaneda Cardenas, Ontario, CA, pro se.

Richard M. Evans, Esquire, Assistant Director, Jeffery R. Leist, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security San Francisco, CA, for Respondent.

Before: FERNANDEZ, RYMER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Margarita Cardenas de Castaneda and three of her children, all natives and citizens of Mexico, petition for review of a BIA decision denying their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Petitioners failed to exhaust their sole claim, ineffective assistance of counsel, by raising that issue before the BIA in a motion to reopen. As a prudential matter, when such claims relate to attorney conduct that occurred prior to and during the removal proceedings, as they do here, "the BIA [is] the appropriate body to first pass on the claims in order to generate a proper record for review." *Puga v. Chertoff,* 488

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 812, 815 (9th Cir.2007). Though petitioners may not have realized they had such a claim until their new counsel was appointed, the period to file a motion to reopen may be equitably tolled during periods where petitioners are receiving ineffective assistance of counsel. *Iturribarria v. INS,* 321 F.3d 889, 898 (9th Cir.2003). We therefore deny the petition.

DENIED.